UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HYOBOG BANG, RYEON S. BALESTRIERI, HWA SHIN and LIANHUA LI, <br><br>                    Plaintiffs,<br><br>-against-<br><br>DOROTHY ROMERO,<br><br>                    Defendant. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>Civil Action |

The Plaintiffs, HYOBOG BANG, RYEON S. BALESTRIERI, HWA SHIN and LIANHUA LI, by their attorneys, B HAHM LAW P.C., complaining of Defendant DOROTHY ROMERO respectfully alleges, upon information and belief, as follows:

### THE PARTIES

1. That at all times relevant hereto, Plaintiff HYOBOG BANG was, and still is, a resident of Queens County in the State of New York.

2. That at all times relevant hereto, Plaintiff RYEON S. BALESTRIERI was, and still is, a resident of Middlesex County in the State of New Jersey.

3. That at all times relevant hereto, Plaintiff HWA SHIN was, and still is, a resident of Queens County in the State of New York.

4. That at all times relevant hereto, Plaintiff LIANHUA LI was, and still is, a resident of Queens County in the State of New York.

5. That at all times relevant hereto, Defendant DOROTHY ROMERO was, and still is, a resident of York County in the State of Pennsylvania.

## JURISDICTION AND VENUE

6. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and this matter in controversy exceeds, exclusive of interests and costs, the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

7. Venue is properly laid in this district pursuant to 28 U.S. Code § 1391.

## FACTUAL ALLEGATIONS

8. On or about November 28, 2021, the plaintiffs were the driver and the passengers of a motor vehicle which was traveling in the left lane of three on I-95 South, approximately 1/10 of a mile north of Exit 39B in the Town of Milford in the State of Connecticut. The defendant failed to stop her vehicle for the traffic ahead and collided into the rear of the vehicle the plaintiffs were in.

9. The collision caused the front of the motor vehicle owned and operated by Defendant DOROTHY ROMERO to strike the rear of the vehicle the plaintiffs were in.

## COUNT ONE ON BEHALF OF PLAINTIFF HYOBOG BANG

10. That at all times relevant hereto, Defendant DOROTHY ROMERO was the owner of a 2015 Honda motor vehicle bearing Pennsylvania State registration number JYA5613.

11. That at all times relevant hereto, Defendant DOROTHY ROMERO controlled, managed and maintained the 2015 Honda motor vehicle.

12. At all times herein mentioned, Defendant DOROTHY ROMERO operated the 2015 Honda motor vehicle.

13. That at all times hereto, Defendant DOROTHY ROMERO was charged and/or otherwise responsible for operating her motor vehicles in such a manner so as to avoid contact with other vehicles lawfully proceeding on the roadway including the vehicle the plaintiffs were in.

14. That at all times hereto, I-95 South, approximately 1/10 of a mile north of Exit 39B in the Town of Milford in the State of Connecticut was, and still is, a public highway/roadway.

15. That on or about November 28, 2021 at approximately 06:12 PM, Defendant DOROTHY ROMERO was operating her motor vehicle at or near the aforesaid highway/roadway.

16. That on or about the same time, Plaintiff HYOBOG BANG was lawfully operating his motor vehicle bearing New York State registration number GLA9319 at or near the aforesaid highway/roadway.

17. That on or about November 28, 2021 at approximately 06:12 PM, at the aforesaid location, the motor vehicle owned and operated by Defendant DOROTHY ROMERO and the motor vehicle owned and operated by Plaintiff HYOBOG BANG were in contact.

18. That on or about November 28, 2021 at approximately 06:12 PM, at the aforesaid location the front of motor vehicle owned by Defendant DOROTHY ROMERO came into contact with the rear of the motor vehicle owned and operated by Plaintiff HYOBOG BANG.

19. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendant without any fault or negligence on the part of Plaintiff HYOBOG BANG contributing thereto.

20.     That defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles and the defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

21.     That as a result of the aforesaid contact, Plaintiff HYOBOG BANG was injured.

22.     That by reason of the foregoing, Plaintiff HYOBOG BANG sustained severe and permanent personal injuries and was otherwise damaged.

23.     That Plaintiff HYOBOG BANG sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

24.     That Plaintiff HYOBOG BANG sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.     That Plaintiff HYOBOG BANG is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff.  The plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

26.     That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602 of the State of New York.

27.     That by reason of the foregoing, Plaintiff HYOBOG BANG has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff HYOBOG BANG demands judgment against the defendant herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

## COUNT TWO ON BEHALF OF PLAINTIFF RYEON S. BALESTRIERI

28. The Plaintiff RYEON S. BALESTRIERI repeats and realleges the allegations set forth in the previous Count as if set forth at length herein.

29. That on or about That on or about November 28, 2021 at approximately 06:12 PM, Plaintiff RYEON S. BALESTRIERI was a passenger in the motor vehicle operated by Plaintiff HYOBOG BANG.

30. That as a result of the aforesaid contact, Plaintiff RYEON S. BALESTRIERI was injured.

31. That by reason of the foregoing, Plaintiff RYEON S. BALESTRIERI sustained severe and permanent personal injuries and was otherwise damaged.

32. That Plaintiff RYEON S. BALESTRIERI sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

33. That Plaintiff RYEON S. BALESTRIERI sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

34. That Plaintiff RYEON S. BALESTRIERI is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff. The plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

35. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602 of the State of New York.

36. That by reason of the foregoing, Plaintiff RYEON S. BALESTRIERI has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff RYEON S. BALESTRIERI demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

## COUNT THREE ON BEHALF OF PLAINTIFF HWA SHIN

37. The Plaintiff HWA SHIN repeats and realleges the allegations set forth in the previous Count as if set forth at length herein.

38. That on or about That on or about November 28, 2021 at approximately 06:12 PM, Plaintiff HWA SHIN was a passenger in the motor vehicle operated by Plaintiff HYOBOG BANG.

39. That as a result of the aforesaid contact, Plaintiff HWA SHIN was injured.

40. That by reason of the foregoing, Plaintiff HWA SHIN sustained severe and permanent personal injuries and was otherwise damaged.

41. That Plaintiff HWA SHIN sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

42. That Plaintiff HWA SHIN sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

43. That Plaintiff HWA SHIN is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff. The plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

44. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602 of the State of New York.

45. That by reason of the foregoing, Plaintiff HWA SHIN has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff HWA SHIN demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

### COUNT FOUR ON BEHALF OF PLAINTIFF LIANHUA LI

46. That by reason of the foregoing, The Plaintiff LIANHUA LI repeats and realleges the allegations set forth in the previous Count as if set forth at length herein.

47. That on or about That on or about November 28, 2021 at approximately 06:12 PM, Plaintiff LIANHUA LI was a passenger in the motor vehicle operated by Plaintiff HYOBOG BANG.

48. That as a result of the aforesaid contact, Plaintiff LIANHUA LI was injured.

49. That by reason of the foregoing, Plaintiff LIANHUA LI sustained severe and permanent personal injuries and was otherwise damaged.

50. That Plaintiff LIANHUA LI sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

51. That Plaintiff LIANHUA LI sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

52. That Plaintiff LIANHUA LI is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff. The plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

53. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602 of the State of New York.

54. That by reason of the foregoing, Plaintiff LIANHUA LI has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff LIANHUA LI demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

## JURY DEMAND

The plaintiffs hereby demand a trial by jury as to all issues.

Dated: Queens, New York
February 6, 2023

                                             B HAHM LAW P.C.

                                             By: /s *Benjamin Hahm*_____
                                                      Benjamin Hahm
                                             Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                    Civil Action  No.:

HYOBOG BANG, RYEON S. BALESTRIERI,
HWA SHIN and LIANHUA LI,

                              Plaintiffs,
               -against-

DOROTHY ROMERO,

                              Defendant.

*Summons, Complaint and Jury Demand*

# B HAHM LAW P.C.

**Attorneys for Plaintiffs**
HYOBOG BANG, RYEON S. BALESTRIERI, HWA SHIN and LIANHUA LI
218-10 Northern Blvd. Suite 207
Bayside, NY 11361
(718) 229-8080

### ATTORNEY CERTIFICATION

I hereby certify that, to the best of my knowledge, information and belief, the presentation of *Summons, Complaint and Jury Demand* and the contentions therein are not frivolous.
Dated:   February 6, 2023
        Queens, New York

                              By: /s/ *Benjamin Hahm*
                                    Benjamin Hahm
                              Attorneys for the Plaintiffs